The Case. ,
Thomas Meekins was Seized in fee of a Tract of Land whereof the Lands in Question are parcel and having Issue 3 Sons Thomas, William, Roger and a Daughter Mary, by his Will bearing Date the 7th February 1669. Devised one parcel of Land to his Son Thomas in fee with a Legacy, another Parcel to W’m in fee with a Legacy, another Parcel to Roger in fee with a Legacy and gives his Daughter a Legacy Then follows this Clause. “If it shall happen that any of my s’d Children die “with’t Issue, then that Share to be equally divided among “those that Survive, but if all my Children die with’t Issue “then my Lands shall fall to my Heirs in England.” The Testator died, Thomas, William and Roger Entered into their several parts William died with’t Issue before the Year 1682 Thomas entered 'into his part and by Feoffment dated 7. 9ber 1682, Conveyed it to Humphry Browning who entered, William Brown as Guardian to Roger Entered upon him Browning brought Ejectm’t & by Judgm’t of the General Court 28. Sep’r 1683. recovered The Court adjudging that Tho’s had a fee in W’ms part. 1. Feb’ry 1698. Browning Enfeoffs Burwell and 4 & 5. April 1710. by lease and Release Roger likewise Conveyed his part to Burwell the Defts. Grand-father under whom he Claims Thomas Meekins the eldest Son died March 2, 1721, leaving Issue the Lessor of the [200] Pit. his Son and Heir and Roger Meekins died 6th March 1723, with’t Issue
There was an Ejectm’t formerly brought by this Lessor and the^Son and Heir of the Daughter one Vadin and upon a Special Verd’t in that Cause this Court in October 1729, adjudged that the three Sons had several Estates tail in their Lands And that Thos. and Roger had an Estate Tail in William’s part and that the Daughter took nothing and for that reason the Pit. cou’d not recover having made Vadin one of the Lessors who had no Title. But as to a moiety of Williams part, it was held that Meekins’s was barred by the Stat. of Limitations So now this Ejectm’t is brought for a moiety of William’s part, and all of Rogers part upon the Opinion of the Majority of the Court given in the former Cause
*R93 It was strongly insisted in that Argument that the Recovery by Browning in this Court in the Year 1683. being still in force and not reversed gave the Deft, a Title, however this Will might be Construed, but that being overruled then I shall not touch upon that point but leave it to be Argued by the Gentleman who is concerned on the same side with me, whose Opinion I know is That that Judgm’t gives the Deft, a Title, tho’ my Sentiments of the matter are otherwise, but the Question I shall Consider will only be Whether the three Sons of the Testator had several Estates Tail by this Will in the Lands Devised to them. In the first part of the Will all the Lands are given to the Sons and their Heirs for ever which with’t doubt makes a Fee Simple But then this Clause “And if any of my Children “die with’t Issue that Share to be equally divided between the “Survivors, and if all my Children die without Issue then my “Lands to go to my Heirs in England.”
Now if the first part of the Clause can be construed to Relate to the Land the Estate of the Sons must be clearly a Fee Tail, But I conceive no such Construction can Reasonably be made, because the Tes’tor in the Former part of his Will besides the Land had given to each of his Sons a part of his Personal Estate, and had given his Daughter a part of his Personal Estate with’t any Lands, Then immediately follows this Clause, and the words (if any of my Children) without doubt will Extend to the Daughters as well as the Sons, And therefore the Tes’tor must intend that if the Daughter died without Issue her Legacy shou’d be divided among the Brothers. He must likewise intend that something shou’d Survive to the Daughter upon the death of any of the Sons, but the Court in the last Cause adjudged that the Daughter took nothing [201] in the Land And then consequently by this part of the Clause the Surviving Sons cou’d take nothing in the Land of William. So that these first words can have no Influence upon the Estates given to the Sons in the former part of the Will And this is clearer from the Subsequent words (if all my Children die without Issue, then my Lands to go to my Heirs in England) from whence it must be Implied that the word (share) before was not intended to affect the Lands for the express mention of Lands here must by all the rules of Construction Exclude them in the words before
And it will be no Objection to this Construction, to say, That if the Tes’tor’s Intent was to Limit a Rem’r of the Personal *R94 Estate to the Surviv.g Children upon the death of any of them with’t Issue such Intent cou’d not take effect by the Rules of Law And so it wou’d be Interpretting a Man’s Words in Order to render them useless, This I say will be no Objection, if it be a Reasonable and necessary Construction, for neither Ignorant People nor those that are more knowing are so well Acquainted with the Rules of Law as to such Remainder can’t be Limitted
Now to support this Construction by Authority, tho’ it it without doubt difficult to bring an Adjudged Case that may be opposite to every Will in the World I think the Case of Ever and Haydon Cro. Eliz’a 476. to the purpose Where a Man was seized of Houses and Lands in Lawton in the County of Oxford, and also of Houses and Lands in Waterford in the County of Hartford and Devised his Houses and Lands in Oxton and also his Lands, Meadows and Pastures in the County of Hartford, And it was Adjudged that the Houses upon the Lands in H. did not pass, because hav’g mentioned the Houses and Lands in Oxton, and only the Lands, Meadows, and Pastures in H. he cou’d not intend to pass the Houses in H. Otherwise he wou’d have mentioned Houses in both places, and besides the particular Devising of his Lands, Meadows and Pastures restrain the general Intendment of the word Lands and excludes Houses
The same Case so Adjudged Owen 74. And the Judgm’t was Affirmed upon a Writ of Error in the Exchequer Chamber, for this Reason That having Devised a House in Oxton and Land in H. it cou’d not be Intended that he wou’d pass more than his words express, viz. the Land and not the Houses upon the Land 2. Ander. 123.
There is the very same Reason here that the express mention of Lands in the latter part of the Clause shou’d restrain the general Intendment of the word (Share) in the beginning to exclude the Lands if it might Otherwise Extend to them
Then if this be the natural Construction of the first words
[202] We must Encounter the Subseq’t words of the Clause “If all my Children die without Issue, then my Lands to go to my Heirs in England And no doubt it will be Argued on the other side that these Words put their Title out of dispute, notwithstanding our Construction of the preceeding Words shou’d take place, But I conceive these words Cannot hurt us
For the Case then will be no more than this “A man having 3 Sons and a Daughter devises Lands to his Sons and to their *R95 Heirs for ever And adds a Clause that if all his Children die without Issue, then his Lands to his next Heirs If these words were in a Deed the Sons with’t doubt wou’d have a fee Simple
And a Will shall never be construed to Convey an Estate Otherwise than a Deed will, unless the apparent Intent of the Devisor will Otherwise be frustrate and ineffectual Therefore where in a Deed the words carry a fee simple, and the like words are in a Will, but some farther Intention of the Devisor be expressed which can’t take effect with’t restraining words which Import a fee Simple to an Estate Tail Such Construction must be made, And this is the Reason why in Construction of Devises to one and his Heirs, and if he die with’t Issue, Rem’r to another The first shall be only an Estate Tail that the last may not be frustrated, but the Intent observed & performed. Pollexf. Argum’t his Rep. of Maynel & Reads Case 426.
But when this farther Intention is so doubtfully expressed that it cannot be Collected from his words in whom this Rem’r shall vest Then the fee Simple shall stand and not be turned into an Estate Tail, because this is to be done only for the sake of the Rem’r to make that good
Now if in this Case the Testor had had only three Children and Devised his Lands to them and their Heirs with such a Clause as is here they wou’d have several Estates Tail with cross Remainders to one another, and if they had all died with’t Issue, then the Heirs in England must have come in, But having four Children & Land to 3 of them and their Heirs, and then saying, if all my Children die without Issue, then to my Heirs in England, makes an invinceable difficulty in the Case
It cannot be so much as Conjectured from the words, how or in what Order the Surviving Children shall take upon the death of one or more of them with’t Issue; and no Cross remainder can be Implied He might intend that upon the death of one Son with’t Issue [203] the Land shou’d be divided among the Surviving Sons, exclusive of the Daughter or equally between the Sons and Daughter, Or he might intend his Daughter to Succeed after all his Sons were dead But which of these he intended can’t possibly be discovered. For which Reason this Clause must be void
An Authority for this point is the Case of Hanchet & Thelwal 3. Mod. 104. and Skinner 266. Reported by the Names of Price and Warren Where the Tes’tor. had two Sons and 4 Daughters *R96 and Devised Lands to'One Son for life Rem’r to his 4 Daughters share and share alike. And if all his Sons and Daughters died without Issue, then to his Sister and her Heirs. The Court held it uncertain in what Order the Estate shou’d go, there being no Appointm’t who shou’d have the part of any of the Daughters dying with’t Issue, therefore the Daughters had no Estate Tail, but the words (If all my Sons and Daughters die without Issue were void
For the Wills are to be favoured in Construction as far as may be Yet where they are so uncertain that the Intention can’t be Collected they ought to fall, Our Case is the same, as to the last part of the Clause, and if one the other side it shou’d be laboured to Construe the first part of the Clause to extend to the Lands, there will be the same difficulty there, for it will be impossible to know whether the Tes’tor intended to exclude the Daughter in the first Rem’r or not, the words will certainly take her in, And yet the Court at the last Argument held she took nothing, And where one part of a Mans Will is Clear and Express, as here, in the Devise to the 3 Sons, and the other part is so Doubtful and uncertain that it may be taken one way or other it is most Reasonable, and the Case before cited proves it to be Lawful to let the express Devise take place and to shew no regard to that which can’t be clearly understood
But then it will be Objected that the Tes’tor plainly intended to keep his Land in his Family as long as any of them was remaining And here we are labouring to frustrate that Estate
Ans’r The Intent is clearly so, but that Intent can’t be performed for want of knowing how the family were to Succeed in the Inheritance and then it is the same thing as if no part of his Intent cou’d be discovered, However it must be Admitted of all sides that this is no clear Will, It was Adjudged in this Court near 50 Years ago that the Sons had a fee Simple That Judgm’t has remained in peace till within these four Years, We have purchas’d under it, and thought we had the same Security that any Body can have under any Judgment of this Day, Making a different Construction of the Will now will be unsettling a long possession that we had of Williams part, Destroying a Title which is founded on the Judgm’t of the Supreme Court of a Country and the Consequences of such a Preced’t ought to be considered.
*R97 [204] Upon the whole we hope we have made it clear, perhaps upon a Nicer debate of the matter That the Court in 1683, gave a right Judgment And so we Submit it and pray the Judgm’t for the Defendant
But if the Court shall be of Opinion that by the first part of the Clause the 3 Sons had Estates tail in the several parcels of Land Devised to them & that the Daughter took nothing upon the death of William, which was the Opinion upon the last Argument, Yet the Deft, must have a good Title to William’s part, Because the words (if any of my Children die without Issue that Share to be equally divided among those that Survive) will only pass an Estate for Life in Williams part to Tho’s and Roger So is the Case of Middleton and Swain Skinner 339. and Beviston and Hussey Skinner 563. Then the Reversion in fee being in Thomas drowned his Estate for Life and the fee passed by the Conveyance to Browning as well of his Moiety as Rogers
But as to Rogers we have a Title by the Act of Limitation accord’g to the former Judgment Now it cannot be Argued from the Subseq’t Words that this Remainder shall be by them turned into an Estate Tail, because upon the Authority of the Case before cited these words are Absolutely void if the Daughter took nothing in Rem’r which is now Admitted on both sides
But the Court gave Judgm’t for the Pit. That the Sons had several Estates Tail with Cross remainder According to the Opinion upon the former Argument
Of this Opinion were Mr. Commissary, Byrd, Digges, Robinson, Dandridge & Custis, Ag’t it Grymes, Randolph, The Gov’r Silent.